UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALEJANDRO ALIX MANZO,             )
                                  )
        Petitioner,               )    2: 10-cv-01668-GMN-PAL
                                  )
vs.                               )
                                  )    **ORDER**
BRIAN WILLIAMS, *et al,*           )
                                  )
        Respondents.              )
_____/

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion for appointment of counsel (docket #2) and an application to proceed *in forma pauperis* (docket #1). Petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed and docketed, and served upon respondents.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Petitioner has submitted a lengthy, specific, and well-written federal habeas petition. It demonstrates

that petitioner is able to understand the issues and present them to this court. It does not appear that counsel is justified in this instance, at this time. The motion shall be denied.

A petition for federal habeas corpus should include all claims, both exhausted and unexhausted, that petitioner believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Nevada Supreme Court; an unexhausted claim, on the other hand, is one that has not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court. If petitioner is aware of any claim and fails to inform this Court as provided below, the abuse of the writ rules may bar petitioner from ever raising such claim in a federal court. *See Neuschafer v. Whitley*, 860 F.2d 1470, 1482 (9th Cir. 1988) (Alarcon, J., concurring); Rule 9(b), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

The Court, therefore, instructs petitioner to consider the matter carefully and determine all possible claims for habeas corpus relief. If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should immediately move to amend his petition. Petitioner's failure to inform the Court of these additional claims in the manner set forth below may prevent petitioner from ever raising these claims at a later date.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (docket #1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** the petition for a writ of habeas corpus (docket #1-1).

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the petition upon respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or

1  other response, respondents shall address any claims presented by petitioner in his petition as well as
2  any claims presented by petitioner in any Statement of Additional Claims.  Respondents shall raise
3  all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
4  procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,
5  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
6  United States District Courts under 28 U.S.C. §2254.

7        **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the
8  Attorney General of the State of Nevada a copy of every pleading, motion, or other document he
9  submits for consideration by the Court.  Petitioner shall include with the original paper submitted for
10 filing a certificate stating the date that a true and correct copy of the document was mailed to the
11 Attorney General.  The Court may disregard any paper that does not include a certificate of service.
12 After respondents appear in this action, petitioner shall make such service upon the particular Deputy
13 Attorney General assigned to the case.

14       DATED this 29th day of September, 2010.

                                               Gloria M. Navarro
                                               United States District Judge